BROWN GAVALAS & FROMM LLP
*Attorneys for Plaintiff*
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND                                            1:22-cv-08953
INDEMNITY ASSOCIATION, INC.,

                *Plaintiff*,                                    **COMPLAINT**

    - against -

INTERSHIPPING, S.A.R.L.; INTER SHIPPING;
INTERSHIPPING EUROPE; INTER SHIPPING
EUROPE SL; M/V MED STAR *in rem*;
M/V DETROIT JET *in rem;* and
M/V BORAQ *in rem*,

             *Defendants*.
----------------------------------------------------------X

     Plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. ("The American Club"), by and through its attorneys,

Brown Gavalas & Fromm LLP, as and for its Complaint against Defendants, INTERSHIPPING,

S.A.R.L., INTER SHIPPING, INTERSHIPPING EUROPE, INTER SHIPPING EUROPE SL,

M/V MED STAR *in rem*, M/V DETROIT JET *in rem* and M/V BORAQ *in rem*, hereby alleges,

upon information and belief, as follows:

### NATURE OF THE ACTION

    1.    This is an admiralty and maritime claim seeking recovery of unpaid marine

insurance premiums in connection with insurance provided for vessels entered with The American Club pursuant to the applicable marine contracts of insurance.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) as this is an admiralty or maritime dispute concerning marine insurance, and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this matter relates to breach of marine contracts of insurance.  This is also an action to enforce a maritime lien *in rem* against the M/V MED STAR, M/V DETROIT JET and M/V BORAQ (collectively, the "Vessels") pursuant to and in accordance with the provisions of The Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301, et seq., and under Supplemental Rule C of the Federal Rules of Civil Procedure.

3.     This Court has personal jurisdiction over the Defendants pursuant to the forum selection jurisdiction and choice of law clauses contained in the subject marine contracts of insurance as the causes of action asserted herein arise out of the Defendants breaches of the said marine contracts of insurance.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the American Club's principal place of business is within this District and a substantial part of the events giving rise to the claim occurred within this District including, but not limited to, the issuance of the subject marine contracts of insurance.  Further, this Court has jurisdiction by agreement of the parties pursuant to the terms and conditions of the subject marine contracts of insurance.

## THE PARTIES

5.      At all times mentioned herein, plaintiff, The American Club, was and still is a non-profit mutual insurance association, duly organized and existing under the laws of the State of New York, with an office and principal place of business in New York, New York.

6.      At all times mentioned herein, defendant, INTERSHIPPING, S.A.R.L., upon information and belief, is a foreign corporation organized under the laws of Morocco, with a principal place of business in Tangier, Morocco that owns and operates vessels.

7.      At all times mentioned herein, defendant, INTER SHIPPING, upon information and belief, is a foreign corporation organized under the laws of Morocco, with a principal place of business in Tangier, Morocco that owns and operates vessels.

8.      At all times mentioned herein, defendant, INTERSHIPPING EUROPE, upon information and belief, is a foreign corporation organized under the laws of Morocco, with a principal place of business in Tangier, Morocco that owns and operates vessels.

9.      At all times mentioned herein, defendant, INTER SHIPPING EUROPE SL, upon information and belief, is a foreign corporation organized under the laws of Morocco, with a principal place of business in Tangier, Morocco that owns and operates vessels.

10.      At all times mentioned herein, *in rem* defendant M/V MED STAR, upon information and belief, is a Moroccan flagged Passenger/Ro-Ro Cargo Ship of approximately 163 meters in length and 25 meters in breadth, with gross tonnage of 19,413 tons, and IMO Number 8604345.  At all relevant times, M/V MED STAR has been engaged in the transportation of passengers.

11.     At all times mentioned herein, *in rem* defendant M/V DETROIT JET, upon information and belief, is a Moroccan flagged Passenger/Ro-Ro Cargo Ship of approximately 72 meters in length and18 meters in breadth, with gross tonnage of 2,869 tons, and IMO Number 9216169.  At all relevant times, M/V DETROIT JET has been engaged in the transportation of passengers.

12.     At all times mentioned herein, *in rem* defendant M/V BORAQ, upon information and belief, is a Moroccan flagged Passenger/Ro-Ro Cargo Ship of approximately 72 meters in length and18 meters in breadth, with gross tonnage of 2,926 tons, and IMO Number 9216171. At all relevant times, M/V DETROIT JET has been engaged in the transportation of passengers.

## FACTS COMMON TO ALL COUNTS

13.     The American Club is a non-profit mutual insurance association, operated by its members for their exclusive benefit.  The American Club provides Protection and Indemnity ("P&I") insurance coverage, which provides indemnification to shipowners and charterers against certain payments made resulting from third-party liabilities in commercial operations.  The American Club also provides Freight, Demurrage and Defense ("FD&D") insurance coverage, which provides discretionary coverage for legal costs and expenses not covered by P&I and hull insurance coverage.  The insurance issued by the American Club is based on the not-for-profit principle of mutuality where members of The American Club essentially insure one another.

14.     The rights and obligations of every Member of The American Club are governed by the terms and conditions of the Certificates of Entry and The American Club's By-Laws and

Rules.

15.     Upon the entry of a Member's vessel for a particular policy year, The American Club issues a Certificate of Entry that provides evidence of the Member's coverage with The American Club for an entered vessel, subject to the By-Laws and Rules, as well as any special terms and conditions included in the Certificate of Entry applicable to that Member.  The Certificate of Entry issued for an entered vessel together with The American Club's By-Laws and Rules for the subject policy year constitute the marine contract of insurance between the Member and The American Club.

16.     At all relevant times, the Vessels were owned, operated and/or managed by INTERSHIPPING, S.A.R.L., INTER SHIPPING, INTERSHIPPING EUROPE, INTERSHIPPING EUROPE and INTER SHIPPING EUROPE SL (collectively, the "Inter Shipping Defendants").

17.     The Inter Shipping Defendants entered the Vessels with the American Club for insurance coverage.

18.     The American Club issued Certificates of Entry for the Vessels.

19.     At all material times hereunder, Inter Shipping, on behalf the Inter Shipping Defendant, was identified and listed as the Member on Certificates of Entry issued by The American Club for the Vessels.

20.     The Inter Shipping Defendants were a Member of the American Club for, at least, the 2017, 2018, 2019, 2020 and 2021 policy years in connection with the Vessels.

21.     The Certificates of Entry for the Vessels were issued in New York.

5

22.     As a Member, the Inter Shipping Defendants are liable for all insurance premiums due on the Vessels per the terms and conditions of the subject marine insurance contracts.

23.     The Inter Shipping Defendants received the benefits of entering the Vessels with the American Club.

24.     The Certificates of Entry issued by The American Club for the Vessels for the 2021 policy year for P&I insurance are attached to as Exhibit A.

25.     The American Club's By-Laws and Rules for the 2020/2021 policy year are available online at https://www.american-club.com/files/files/American_Club_By_Laws_Rules_2020-21.pdf.

26.     The Certificates of Entry issued for the Vessels contain the following language:

> The Member and any CoAssureds named in this Certificate of Entry are liable to pay Mutual Premium as provided for in Rule 4.

27.     Pursuant to The American Club's Class I, Rule 4, Section 11, the Inter Shipping Defendants are contractually obligated to pay "interest at the rate of 1% per month ... payable on any premium  or other sums due to [The American Club] as from the due date of payment of such premium or other sums."

28.     The American Club issued insurance premium invoices to the Inter Shipping Defendants for the P&I coverage and the FD&D coverage for the Vessels.

29.     Of the insurance premium invoices issued by The American Club for P&I and FD&D coverage for the Vessels, the sum of at least $618,572.60, including interest, remains outstanding.

30.     Despite demands for payment, the outstanding premiums and interest due and owing on the Vessels have not been paid.

31.     Pursuant to the subject marine insurance contracts, the Inter Shipping Defendants are liable for all outstanding P&I and FD&D premiums and interest in the sum of at least $618,572.60.

32.     The American Club has demanded payment from the Inter Shipping Defendants regarding the outstanding insurance premiums and interest in the sum of at least $618,572.60.

33.     To date, the Inter Shipping Defendants have failed to remit payment for the outstanding premiums.

34.     Class I, Rule 4, Section 52 of the American Club Rules provides:

**Maritime Lien**

The Association shall have a lien on the insured vessel under the contract of insurance and/or applicable law for all premium and all other sums of whatsoever nature due to it. Such lien shall extend to other insured vessels which are part of a fleet as defined in Rule 1.2 and shall be in addition to, and in no way may be construed as a waiver of, or amendment to, any other contractual or maritime lien which the Association may either expressly or impliedly possess in regard to the said insured vessel or vessels. Such lien shall apply notwithstanding that the cover of the Member in respect of any vessel insured by him with the Association may have ceased or been terminated.

35.     Pursuant to The American Club's Class I, Rule 4, Section 52, The American Club has a maritime lien for the outstanding insurance premium.

36.     The American Club has met all of its obligations under the subject marine contracts of insurance.

## FIRST CAUSE OF ACTON
### (Breach of Contract)

37.     The American Club realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 of this Complaint as if fully set forth  herein.

38.      Pursuant to the subject maritime insurance contracts, as reflected in the Certificates of Entry and The American Club's applicable By-Laws and Rules, the Inter Shipping Defendants agreed to pay all premiums due on the Fleet Entry for P&I and FD&D coverage.

39.     By failing to remit the sum of $618,572.60, The Inter Shipping Defendants have failed to meet their obligations under the subject marine insurance contracts.

40.     As a result of the Inter Shipping Defendants' breach of the subject marine insurance contracts, The American Club has sustained damages in the amount of $618,572.60, together with interest at the contractually agreed rate, the total for which the Inter Shipping Defendants are liable.

## SECOND CAUSE OF ACTION
### (Account Stated)

41.     The American Club realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

8

42.     The American Club presented an account to the Inter Shipping Defendants in the form of invoices and supporting documentation for all the services rendered by The American Club concerning marine insurance premiums, which account totaled the sum of $618,572.60.

43.     The aforesaid account totaling $618,572.60 was delivered to, accepted and retained as correct (without objection or protest) but no part of which has been paid to date.

44.     By virtue of the foregoing, The American Club has sustained damages in the sum of $618,572.60, plus interest, for which the Inter Shipping Defendants are liable.

45.     The American Club is also entitled to judgment *in rem* against the Vessels to satisfy the maritime lien.

### THIRD CAUSE OF ACTION
(Attorneys' Fees)

46.     The American Club realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Pursuant to The American Club's Class I, Rule 1, Section 4.49(c), The American Club has a contractual right to "reasonable legal fees, collection expenses and other costs of recovering all amounts due from a Member or former Member plus interest."

48.     By virtue of the foregoing, The Inter Shipping Defendants are liable to the American Club for all legal fees and costs it will incur in prosecuting this action.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., prays for:

9

(a) Judgment in favor of The American Club and against the Inter Shipping Defendants in the sum $618,572.60, plus interest at the rate contractually agreed to by the parties;

(b) An Award of reasonable attorneys' fees and costs, as per the terms and conditions of the subject marine insurance contracts; and

(c) Such other, further, and different relief as the Court deems just and proper.

Dated:  New York, New York
        October 20, 2022

> BROWN GAVALAS & FROMM LLP
> *Attorneys for Plaintiff*
> AMERICAN STEAMSHIP OWNERS
> MUTUAL PROTECTION AND
> INDEMNITY ASSOCIATION, INC.
>
> By:    /s/ Robert J. Brown
>        Robert J. Brown (RB-9131)
>        Email: rjb@browngavalas.com
>        Michael P. Naughton (MN-6870)
>        Email: mpn@browngavalas.com
>        60 East 42nd Street
>        Suite 4600
>        New York, NY 10165
>        (212) 983-8500

10